**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENNER ANTONIO CORRALES GUIDEL,<br>Petitioner,<br>v.<br>JEREMY CASEY, Warden of the Imperial Regional Detention Facility; JESUS ROCHA, Acting Field Officer Director, San Diego Field Office, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General of the United States,<br>Respondents. | Case No.: 26cv3728 DMS (BJW)<br>**ORDER GRANTING PETITION** |

Before the Court is Petitioner's Second Amended Petition for a Writ of Habeas Corpus. (ECF No. 9.) Respondents filed a Response, stating that—in light of *Rodriguez Vasquez v. Bostock*, No. 25-6841, 2026 WL 219424, — F.4th — (9th Cir. July 30, 2026)—Petitioner is subject to detention under 8 U.S.C. § 1226(a). (ECF No. 11 at 2.) Respondents also acknowledge that immigration authorities previously released Petitioner on

conditional parole issued under 8 U.S.C. § 1226(a). (*Id.*) Accordingly, Respondents do not oppose the Petition and defer to the Court on the appropriate relief. (*Id.*) Petitioner filed a Reply. (ECF No. 12.)

**I.**

**BACKGROUND**

On December 6, 2021, Petitioner, a national of Nicaragua, arrived at the U.S.-Mexico border in El Paso, Texas and was taken into immigration custody. (ECF No. 9 at 4.) Petitioner remained in immigration custody for nine days. (*Id.*) During this time, immigration authorities conducted a credible fear interview, during which Petitioner explained his fear of returning to Nicaragua after he was targeted by police for participating in student protests. (*Id.*) On December 15, 2021, Petitioner was released on his own recognizance with conditions in place. (*Id.*) Petitioner has complied with the conditions of his release for over four years. (*Id.*)

On May 4, 2026, Petitioner attended his immigration court hearing in Florida, where his application for asylum was denied. (*Id.*) Petitioner has appealed that ruling to the Board of Immigration Appeals ("BIA"). (*Id.* at 5.) Following the hearing, Petitioner was arrested and detained by immigration authorities. (*Id.*) Initially, Petitioner was detained in Florida but has since been transferred to the Imperial Regional Detention Facility in Calexico, California. (*Id.*) On May 18, 2026, Petitioner received a bond hearing before an immigration judge ("IJ") but was denied release because the IJ concluded that it was "without jurisdiction to determine bond" in Petitioner's case under *Matter of Yajure-Hurtado*, 29 I&N Dec. 21[6] (BIA 2025). (*Id.*) While Petitioner's asylum denial is pending, Petitioner remains detained at the Imperial Regional Detention Facility.

On June 25, 2026, Petitioner, proceeding pro se, filed his first Petition for a Writ of Habeas Court, challenging his continued detention at the Imperial Regional Detention Facility. (*See generally* ECF No. 1.) On June 30, 2026, this Court dismissed Petitioner's first Petition for Writ of Habeas Corpus with leave to amend "because it [was] missing crucial information for the Court to evaluate whether a response [was] warranted." (*Id.* at

1.) On July 20, 2026, Petitioner filed his First Amended Petition for a Writ of Habeas Corpus and Motion to Appoint Counsel. (*See generally* ECF Nos. 4–5.) Pursuant to Chief Judge Order No. 132-A, this Court granted Petitioner's request for appointment of counsel on July 23, 2026.

On July 30, 2026, Petitioner filed his Second Amended Petition for a Writ of Habeas Corpus, challenging his arrest at the immigration courthouse and his re-detention under the Administrative Procedure Act ("APA"), U.S. Immigration and Customs Enforcement ("ICE")'s policy regarding immigration enforcement near courthouses, and the Fifth Amendment's Due Process Clause. On August 7, 2026, Respondents filed a Response. On August 10, 2026, Petitioner filed a Reply. (ECF No. 12.)

## II.
## LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in his petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III.
## DISCUSSION

The Court finds Petitioner's detention violates the Fifth Amendment's Due Process Clause and therefore grants the Petition. When determining whether Petitioner's procedural due process rights have been violated, the Court must consider:

> [f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, Petitioner has a liberty interest—the interest in being free from imprisonment—because he had previously been released on his own recognizance at the time of his re-detention. *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 416 (S.D.N.Y. 2025) (citation modified) (citation omitted); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) (finding the petitioner "has a private interest in remaining free, which developed over the year he resided in the United States"). This factor weighs in Petitioner's favor.

Next, there is a high risk of an erroneous deprivation of this liberty interest when noncitizens are re-detained without a hearing. *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. Oct. 15, 2025) (citing cases). Respondents acknowledge that Petitioner was previously released from immigration custody on conditional parole. (ECF No. 11 at 2.) Nonetheless, Respondents detained Petitioner after his immigration court hearing on May 4, 2026. (ECF No. 9 at 4.) Petitioner maintains that he did not receive written notice regarding the termination of his conditional parole and was not provided with a hearing where he could contest his re-detention. (*Id.* at 4–5.) Respondents do not specifically respond to Petitioner's allegations beyond providing a broad statement that Petitioner is subject to detention under 8 U.S.C. § 1226(a). (ECF No. 11 at 2.) Thus, the Court accepts Petitioner's allegations as true and finds that Petitioner was re-detained without adequate process. Accordingly, the second factor – the risk of an erroneous deprivation of such interest through the procedures used – weighs in Petitioner's favor.

Finally, "[t]he government may have a 'strong interest' in detaining noncitizens during the pendency of removal proceedings as needed to protect the public from dangerous criminal aliens, or to prevent flight and thereby increase the chance that the aliens will be successfully removed." *Pablo Sequen*, 806 F. Supp. 3d at 1090 (citation modified) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022)). But when the Government previously decided to release a noncitizen, and there is no evidence of any material, changed circumstances that might have caused the Government to reconsider that decision, its interest in re-detention is low. *Doe v. Chestnut*, No. 25-cv-

01372-CDB, 2025 WL 3295154, at *10 (E.D. Cal. Nov. 26, 2025) (citations omitted). Here, the Government has submitted no evidence of changed circumstances to justify Petitioner's re-detention after releasing him on conditional parole. (*See generally* ECF No. 11.) Thus, this factor also weighs in Petitioner's favor. Applying the *Mathews* balancing test, the Court finds that Petitioner's detention violates his right to due process.

## IV.

## CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Petitioner's Second Amended Petition for a Writ of Habeas Corpus. (ECF No. 9.)[1] Respondents shall release Petitioner forthwith. Respondents shall not re-detain Petitioner without first providing a pre-deprivation hearing before a neutral decisionmaker at which Respondents must prove that material, changed circumstances related to flight risk or danger warrant Petitioner's re-detention. The parties shall file a Joint Status Report within **72 hours** of this Order's filing, confirming Petitioner has been released. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: September 1, 2026

Hon. Dana M. Sabraw
United States District Judge

---

[1] The Court need not address Petitioner's claim arising under the APA and ICE's policy regarding civil immigration enforcement near courthouses because the Petition can be resolved on due process grounds.